UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

      -against-                                  3:14-CV-0517 (LEK/DEP)

STEPHEN CARPINETA,

                Defendant.

**DECISION and ORDER**

**I.    INTRODUCTION**

On May 5, 2014, Plaintiff United States of America ("Plaintiff") commenced this action alleging that Defendant Stephen Carpineta ("Defendant") defaulted on a promissory note. Dkt. No. 1 ("Complaint"). Now before the Court is Plaintiff's Motion for default judgment brought pursuant to Federal Rule of Civil Procedure 55(b). Dkt. No. 8 ("Motion").

**II.    BACKGROUND**

Defendant is a resident of Tioga County, New York. Compl. at 1. The Complaint alleges that Defendant executed a promissory note to secure loans from the U.S. Department of Education, and that he has failed to repay the loans in full. See generally id. Defendant did not file a responsive pleading, and on June 11, 2014, the Clerk filed an Entry of default against Defendant at Plaintiff's request. Dkt. Nos. 5; 7. On June 12, 2014, Plaintiff filed its Motion for default judgment seeking an award of $25,056.27 in principal and $575.67 in accrued interest through June 12, 2014, at a rate of 2.47% per year. Mot. ¶ 4.

### III.     LEGAL STANDARD

"'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" Elec. Creations Corp. v. Gigahertz, Inc., No. 12-CV-1423, 2013 WL 3229125, at *3 (N.D.N.Y. June 25, 2013) (quoting Robertson v. Doe, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)). "First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default." Id. Second, under Fed. R. Civ. P. 55(b)(1), "[u]pon request of the plaintiff, a default judgment may be entered by the clerk when (1) the plaintiff's claim against the defendant is for a sum certain, (2) the plaintiff has submitted an affidavit of the amount due, and (3) the defendant has been defaulted for failure to appear." United States v. Gellerstein, No. 08-CV-2702, 2011 WL 1004888, at *1 (E.D.N.Y. Mar. 17, 2011) (citing FED. R. CIV. P. 55(b)(1)(2)).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974); see also Bravado Int'l, 655 F. Supp. 2d at 189. "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." Robertson, 2008 WL 2519894, at *3. "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Int'l, 655 F. Supp. 2d at 189. "While the court must ensure that there is a basis for the damages specified in a default judgment, it may, but

need not, make the determination through a hearing." Id. at 190 (internal quotation marks omitted).

Under Local Rule 55.2(a), the moving party must submit with its motion for default judgment: (1) a clerk's certificate of entry of default; (2) a statement showing the amount owed, including principal, credit for payments, and interest; and (3) an affidavit. The affidavit must set forth that: (1) the party against whom judgment is sought is not an infant, incompetent, or in military service; (2) the party against whom judgment is sought has defaulted in appearance in the action; (3) service was properly effected under Federal Rule of Civil Procedure 4; (4) the amount sought is justly due and owing, and no part has been paid; and (5) the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. L.R. 55.2(a).

## IV. DISCUSSION

Upon review of Plaintiff's Motion, Plaintiff has complied with all applicable rules and demonstrated that it is entitled to the relief sought. See generally Mot. The Affidavit in support, together with supporting documentation, demonstrates the amount owed by Defendant, who has defaulted in this action. Dkt. Nos. 1-2; 8-1; Mot., Ex. B.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 8) for default judgment is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court enter judgment for Plaintiff in the amount of $25,631.94, plus post-judgment interest pursuant to 28 U.S.C. § 1961; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   February 05, 2015
         Albany, NY

_Lawrence E. Kahn_
Lawrence E. Kahn
U.S. District Judge